## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEVON TERRELL ABNEY,

     Plaintiff,

                           Case No. 24-CV-11975-DT

v.

                           HON. DENISE PAGE HOOD

FEDEX CORPORATION, JOHN DOE,
JANE DOE, and ADRIAN,

     Defendants.

_____/

### ORDER DENYING MOTION TO REOPEN CASE,
### TO AMEND, AND TO EXTEND (ECF No. 9)

On August 8, 2024, an Order Granting Application to Proceed Without Prepaying Fees and Summarily Dismissing and Closing Action, along with a Judgment, was entered.   (ECF Nos. 6, 7)  This matter is now before the Court on Plaintiff Devon Terrell Abney's Motion to Reopen Case, Motion to Amend Complaint and Motion to Extend.   (ECF No. 9)

The decision of whether to grant a motion to alter or amend the judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc*., 912 F.2d 129, 132 (6th Cir. 1990).   A motion to alter or amend the judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l*

*Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend the judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Rule 60(b) of the Federal Rules of Civil Procedures provides that,

[T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Motions based on Rule 60(b)(1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Under the catch-all provision in subsection (6), the Sixth Circuit has held that a

2

Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5).   *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985).   Extraordinary circumstances are needed to grant relief under Rule 60(b)(6).   *Id.*

Abney's motion raises arguments which were addressed by the Court in its order dismissing the Complaint and has not shown that the Court clearly erred in its ruling.   Abney has not carried his burden to amend or correct the Court's order dismissing his claims.

Citing Rule 60(b)(1), Abney argues that his case must be reopened due to mistake, inadvertence, surprise, or excusable neglect.   However, Abney does not specify how mistake, inadvertence, surprise, or excusable neglect, other than citing the rule, allows him relief from the judgment against him.   Abney also mentions Rule 60(b)(4) but does not show how the Judgment is void or that any other court has overruled this Court's Judgment.    As to the catch-all provision in Rule 60(b)(6), Abney failed to meet his burden that extraordinary circumstances exist to set aside the Judgment.   The Court denies any relief requested under Rule 60(b).

Because the Judgment will not be set aside, the request to amend the Complaint and to extend time are accordingly denied.

3

For the reasons set forth above,

IT IS ORDERED that Plaintiff Devon Terrell Abney's Motion to Reopen Case, to Amend Complaint and to Extend Time **(ECF No. 9)** is DENIED.  The case remains CLOSED.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

*s/Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED:   September 18, 2024

4